JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7324
    Facsimile: (415) 436-7234
    email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO VENUE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 08-4777 SC |
| Plaintiff, | FINAL SETTLEMENT STIPULATION RE: 1) JOINING ISSUE; 2) RECOGNITION AND SETTLEMENT OF LIENHOLDER'S CLAIM AND [PROPOSED] ORDER OF FORFEITURE] |
| v. | |
| REAL PROPERTY AND IMPROVEMENTS AT 671 MAUD AVENUE, SAN LEANDRO, CALIFORNIA, APN #077-0520-024-02, | |
| Defendant. | |

This Agreement is by and between plaintiff, United States of America (hereinafter "Plaintiff"), and 1) lienholder Chase Home Finance LLC ("Chase") to compromise and settle any

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC

possible claims by Chase in the above-captioned action.[1] Plaintiff and Chase (hereinafter "Parties") parties hereby stipulate and agree as follows:

1.  On or about October 17, 2008, Plaintiff filed its Complaint for Forfeiture against the defendant real property more commonly known as 671 Maud Avenue, San Leandro, California 94577, APN #077-0520-024-02 (hereinafter "defendant real property") which is more fully described in Exhibit 1.

**Lienholder Chase's Interest**

2.  Chase holds a valid and enforceable non-forfeitable interest in the defendant property which is evidenced by the promissory note (hereinafter "Note") dated April 21, 2006, which is secured by a Deed of Trust (hereinafter "Deed") dated May 2, 2006 (both of which are attached collectively as Exhibit 2), in the principal amount of $300,000, which was duly recorded in the Official Records of Alameda Country as instrument number 2006175989.

3.  Chase states that it is without knowledge or notice of whether and was reasonably without cause to believe the defendant real property was subject to forfeiture. Any violations of federal law, as alleged in Plaintiff's complaint for forfeiture involving defendant real property occurred without the knowledge or consent of Lienholder. Based upon that lack of knowledge, notice, and consent, Chase does not dispute the Plaintiff's allegations that the defendant real property represents: (1) property involved in or traceable to transactions or attempted transactions in violation of Title 18, United States Code, Sections 1956 and 1957-money laundering, and thus

---

[1] Chase has not filed a claim and answer in the action. They appear and join issue solely for the purposes of executing this settlement agreement. The United States does not waive any objection to the timeliness of Chase's claim, nor their standing.

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC

2

subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A); and (2) property representing the proceeds of narcotics trafficking in violation of Title 21, United States Code, Section 841, 843(b) and 846, and thus subject to forfeiture to the United States pursuant to Title 21, United States Code, Section §881(a)(6).

4. Chase consents to the forfeiture and sale of the defendant property.

5. The parties agree that upon the Court's entry of a final Order of Forfeiture authorizing the forfeiture of the defendant property to the United States, Plaintiff will not contest payment to Chase from the proceeds of sale, after payment of outstanding taxes and expenses of custody and sale incurred by the United States Treasury Department and other property custodians, the following:

a. All unpaid principal due to Chase as of the date of sale or prior thereto, pursuant to the Note secured by the Deed of Trust recorded on May 2, 2006, in the office record of Alameda Country as instrument number 2006175989. Attached collectively as Exhibit 2;

b. As of December 8, 2009, the unpaid principal owing under the promissory note and deed of trust is $229,480.11;

c. All unpaid interest at the base contractual rate (not the default rate) under the above Note instrument, that is $6,416.19 as of December 8, 2009, plus interest at the rate of $40.08 per diem from December 8, 2009, until the date of payment;

d. Attorney's fees not to exceed $1,500; and

e. Miscellaneous fees and expenses in the amount of $1,221.32.

6. The United States shall not enter into any contract for the sale of the real property

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC

3

unless it first determines that a distribution of the sale proceeds pursuant to Paragraph 5 will result in payment in full of Chase's loan debt as provided for in Paragraph 5 (a-e). In order to make such determination, the United States Treasury Department shall obtain a current payoff statement from Chase. If the Treasury Department determines that Chase's loan debt will not be paid in full, the United States, at its option may either continue to find a buyer at a sale price sufficient to result in full payment of Chase's loan debt, allow Chase to proceed with foreclosure of the real property or inform Chase and obtain its consent to conclude the sale.

7. The payment to Chase shall be in full settlement and satisfaction of all claims by Chase arising from and resulting from the seizure, detention, and forfeiture of the defendant property.

8. Upon payment, Chase agrees to assign and convey its security interest to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by Chase and its agents that currently exist or that may arise as a result of the Government's actions against and relating to the defendant property.

9. Chase agrees not to pursue any other rights it may have under the Note or Deed, including but not limited to the right to foreclose upon and sell the property and any right to assess additional interest or penalties, except as provided in paragraph 6.

10. Chase understands and agrees that by entering into this expedited settlement of its interests in the defendant property, it waives any rights to litigate further its interest in the

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC

4

defendant property and to petition for remission or mitigation of the forfeiture. If this Agreement is approved by the Court, unless specifically directed by an order of the Court, Chase shall be excused and relieved from further participation in this action.

11. Chase understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lienholder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the defendant property. In either event, the Government shall promptly notify the mortgagee or lienholder of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

12. Chase agrees to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to implement further the terms of this settlement.

13. Payment to Chase pursuant to this settlement agreement is contingent upon the court's entry of a final Judgment of Forfeiture to the United States.

14. The terms of this settlement agreement shall be subject to approval by the United States district court and any violation of any terms and conditions shall be construed as a violation of an order of the court.

15. Each party agrees to bear its own costs and attorneys' fees, except as provided in paragraph 5(d).

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC

5

16. The Parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

17. Based on the foregoing Settlement Agreement between the United States and Chase, the Parties agree that, subject to the Court's approval, the proposed JUDGMENT OF FORFEITURE which is submitted with this Settlement Agreement be entered.

JOSEPH P. RUSSONIELLO
UNITED STATES ATTORNEY

Dated: 12/29/09

_____
Susan B. Gray
Assistant United States Attorney

Dated: 12/29/09

_____
Shahed Shandeh, Esq.
Attorney for Chase Home Finance, LLC

Dated: 12.29.09

_____
Jeffrey Holmes
Authorized Representative of
Chase Home Finance LLC

I, Jeffrey Holmes, of Chase Home Financial LLC, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that I am authorized by Chase Home Financial LLC to enter into this Settlement Agreement on behalf of Chase Home Financial LLC. Executed this 29th day of December, 2009.

_____
Jeffrey Holmes

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC

6

**ORDER**

Pursuant to the foregoing settlement agreement, it is so ordered on this <u>5th</u> of ~~December~~ January, 2010 ~~2009~~, and it is further ordered that the instant case be, and hereby is dismissed.

_____
SAMUEL CONTI
United States District Judge

*[Seal: United States District Court, Northern District of California — IT IS SO ORDERED, Judge Samuel Conti]*

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC

7

## [PROPOSED] FINAL ORDER OF FORFEITURE

Based upon the above stipulation, the Court finds that there is sufficient evidence to support the seizure and forfeiture of the following real property (hereafter "defendant real property") as property that was derived from and traceable to drug proceeds and thus forfeitable under Title 21, United States Code, Sections 881(a)(6), or involved in and traceable to money laundering offenses, and thus forfeitable under Title 18, United States Code, Sections 981(a)(1)(A):

Real property and improvements located 671 Maud Avenue, San Leandro, California, (APN #077-0520-024-02)(hereafter "defendant real property"), which is more fully described in Exhibit 1, attached hereto and made a part hereof;

Accordingly, IT IS HEREBY ORDERED that the defendant real property located at 671 Maud Avenue, San Leandro, California, (APN #077-0520-024-02) shall be and hereby is forfeited to the United States pursuant to Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Section 981(a)(1)(A);

IT IS FURTHER ORDERED that after the Court's entry of this order of forfeiture and upon the sale of the defendant real property or, at the election of the Plaintiff, at any time prior to the sale, Plaintiff will pay Chase Home Finance LLC the following:

a. All unpaid principal due to Chase as of the date of sale or prior thereto, pursuant to the Notice secured by the Deed of Trust recorded on May 2, 2006, in the office record of Alameda Country as instrument number 2006175989. Attached collectively as Exhibit 2;

b. As of December 8, 2009, the unpaid principal owing under the promissory note and deed

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC

8

of trust is $229,480.11;

   c.  All unpaid interest at the base contractual rate (not the default rate) under the above Note instrument, that is $6,416.19 as of December 8, 2009, plus interest at the rate of $40.08 per diem from December 8, 2009, until the date of payment;

   d.  Attorney's fees not to exceed $1,500; and

   e.  Miscellaneous fees and expenses in the amount of $1,221.32.

The United States shall not enter into any contract for the sale of the real property unless it first determines that a distribution of the sale proceeds will result in payment in full of Chase's loan debt as provided for in Paragraphs a-e. In order to make such determination, the United States Treasury Department shall obtain a current payoff statement from Chase. If the Treasury Department determines that Chase's loan debt will not be paid in full, the United States, at its option may either continue to find a buyer at a sale price sufficient to result in full payment of Chase's loan debt, allow Chase to proceed with foreclosure of the real property or inform Chase and obtain its consent to conclude the sale.

IT IS FURTHER ORDERED that such payment as set forth above shall be in full settlement and satisfaction of any and all claims by Chase Home Finance LLC to the captioned defendant real property and all claims resulting from the incidents or circumstances giving rise to this lawsuit;

IT IS FURTHER ORDERED that upon payment to Chase Home Finance LLC as set forth above, Chase Home Finance LLC agrees to release any and all claims arising out of this action against the United States and agrees to not to pursue against the United States any other rights it

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC

9

may have under the Note, including the right to foreclose on the captioned defendant real property.

IT IS FURTHER ORDERED that Chase Home Finance LLC shall hold harmless the United States of America, and all agents, officers and employees thereof, including any and all state and local law enforcement officers, in their individual or in their official capacities, for any and all acts directly or indirectly related to the seizure, detention and forfeiture of the defendant real property;

IT IS FURTHER ORDERED that the parties shall execute further documents, to the extent necessary, to convey clear title to the captioned defendant real property to the United States and to further implement the terms of this agreement.

IT IS FURTHER ORDERED that all right, title and interest in the property ordered forfeited is hereby vested in the United States of America. The United States shall dispose of the forfeited property according to law.

IT IS SO ORDERED.

DATED: 1/5/10

SAMUEL CONTI
United States

*IT IS SO ORDERED*
*Judge Samuel Conti*

STIPULATED SETTLEMENT AGREEMENT
C-08-4777 SC